SOUTHERN FARM BUREAU CASUALTY INS. CO.
*v.* W. B. ISGRIG Jr. et al

5-4458                                          424 S. W. 2d 164

Opinion delivered February 12, 1968
[Rehearing denied March 11, 1968.]

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*H. Clay Robinson* and *Harry C. Robinson,* for appellees.

Paul Ward, Justice. The sole question here is: When did an automobile liability insurance policy, issued by the Southern Farm Bureau Casualty Insurance Company, become effective?

The following pertinent facts are not in dispute:

(a) Appellant, the above named insurance company, issued its policy to W. B. Isgrig, Jr. (appellee herein) covering an automobile owned by appellee and involved in a collision, causing injury to Regina Lorene Byrd.

(b) The term of the policy was "from the effective date 06/02/65 to 12/02/65 12:01 a.m. . . ."

(c) The collision occurred at 10 or 10:15 on the morning of June 2, 1965.

This particular litigation began when appellee filed a complaint in chancery court asking it to declare the policy in force and to cover the accident, and to direct appellant to defend a lawsuit brought against him by Regina Lorene Byrd.

In its answer appellee admitted issuing the policy as set out above and admitted the date of the accident, but alleged "that said policy of insurance was issued after said accident occurred . . . ."

The trial court found that "said policy was in full force and effect and afforded protection for said accident".

An unusual set of facts are here involved, and a somewhat unique issue is presented, but we have concluded the case must be reversed.

It is admitted: (a) that the accident happened on June 2, 1965 not later than 10:30 a.m.; (b) that the insurance policy in question had not been actually written or issued at that time, but was issued, paid for and delivered later on the same day of the accident; (c) that all these facts were known to appellees and to the agent of appellant; (d) that no fraud or deception was practiced by either party, and; (e) that the policy contains this clause—"The term of the policy shall be from the effective date 06/02/65 to 12/02/65, 12:01 a.m.

It is our opinion that clause (e) above is not clear or decisive as to the exact hour and minute on June 2, 1965 the policy became "effective". That being true, it is our further opinion that we can and must consider oral testimony to resolve the ambiguity.

The case of *Kansas City & Memphis Railroad Co.* v. *Smithson*, 113 Ark. 305, 168 S. W. 555 concerned a

dispute over the subject matter of a contract, and we said:

> "No rule of evidence was violated in permitting appellee to prove this state of facts, for it did not vary or contradict the terms of the contract, but only explained the subject-matter thereof. It clearly establishes a mutual mistake on the part of both participants in the negotiation as to what they were really contracting about, that is to say, the purpose for which the acquired right-of-way was to be used."

The subject matter here is the "effective date" of the insurance policy, so we now consider the testimony relative to that point.

Mr. Isgrig, Jr. testified, in substance; that on the day of the accident he went to the agency office of appellant and reported it to Joe Rodman, an employee; that he was told he did not have insurance; that he was sent to see Miss Milligan; that he had applied previously for insurance but did not know whether a policy had been issued since he had not paid for it.

Joe Rodman, appellant's agent, testified in substance: I talked to appellee on the day of the accident; I asked him if he had coverage, and he said "no" but that he needed coverage for the rest of the time. I told him he could go by the office and "pay his premium and coverage would be in effect then but not at the time of the accident".

Miss Milligan, a secretary of appellant, testified, in substance: Appellee came to the office on the day of the accident to get the policy; I knew of the accident and "I told him he didn't have any coverage at the time of the accident"; she further testified: "He said, 'well he knew that but it was a relief to get some insurance.'"

Since the insurance policy itself does not state the exact time it was to take effect but only when it would

expire, and in view of the testimony set out above, we are forced to conclude that the weight of the testimony shows the policy was not to be in effect when the accident happened.

The decree is therefore reversed, and the cause of action is dismissd.

FOGLEMAN, J., not participating.